IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Jack Strong,<br><br>     Plaintiff,<br> v.<br><br>The Town of Andrews, South Carolina, a political subdivision of Williamsburg and Georgetown Counties and the State of South Carolina, Frank McClary in his capacity as Mayor of the Town of Andrews, South Carolina, James Altman in his capacity as councilman for the Town of Andrews, South Carolina, Angela Anderson in her capacity as councilwoman for the Town of Andrews, South Carolina, Amy Picker Flager in her capacity as Councilwoman for the Town of Andrews, South Carolina, Eddie Lee in his capacity as Councilman for the Town of Andrews, South Carolina, Robert S. Stamper in his capacity as councilman for the Town of Andrews South Carolina, Robert Ulrich in his Capacity as councilman for the Town of Andrews, South Carolina, Mauretta Wilson in her capacity as town Administrator/Manager for the Town of Andrews, South Carolina and Chaconas P. Parson in her Capacity as Town Clerk for the Town of Andrews, South Carolina,<br><br>     Defendants. | COMPLAINT<br>(Jury Trial Demanded)<br><br>Case No.  2:26-cv-00036-DCN |

TO: THE ABOVE-NAMED DEFENDANTS:

 Plaintiff Jack Strong, for his complaint against Defendants Town of Andrews, South Carolina, and Frank McClary, James Altman, Angela Anderson, Amy Picker Flager, Eddie Lee, Robert S. Stamper, Robert Ulrich, Mauretta Wilson, and Chaconas P. Parson states as follows:

## INTRODUCTION

1. This is an action for injunctive and declaratory relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourteenth Amendments to the United States Constitution, against The Town of Andrews, South Carolina and Frank McClary.

1. Plaintiff Jack Strong alleges that Defendants Town of Andrews, Frank McClary, James Altman, Angela Anderson, Amy Picker Flager, Eddie Lee, Robert S. Stamper, Robert Ulrich, Mauretta Wilson, and Chaconas P. Parson blocked his personal Facebook account from being able to view the page, make public comment on, or send messages to the Town of Andrews official Facebook page. Plaintiff alleges that this constitutional violation was committed as a result of the policies and customs of the Town of Andrews, and that The Town of Andrews, Frank McClary, James Altman, Angela Anderson, Amy Picker Flager, Eddie Lee, Robert S. Stamper, Robert Ulrich, Mauretta Wilson, and Chaconas P. Parson are liable under the theory of viewpoint discrimination.

2. At all times relevant hereto, the events complained of herein occurred in Georgetown County, State of South Carolina.

3. Upon information and belief, this Honorable Court has jurisdiction over the subject matter and parties to this complaint and venue is proper in this jurisdiction.

## PARTIES

4. Plaintiff Jack Strong is an adult citizen and resident of the Town of Andrews, South Carolina. He has lived in and around the Town of Andrews, South Carolina his entire life and is an active member and business owner in the community of Andrews.

5. Defendant Town of Andrews is, upon information and belief, a governmental municipality located within and organized under the laws of the State of South Carolina. It is the public owner of the Facebook page "Town of Andrews, South Carolina."

6. Defendant Frank McClary is a citizen and resident of the Town of Andrews, South Carolina and at all times relevant hereto, served as Mayor for the Town of Andrews, South Carolina. At all times relevant hereto, McClary was acting as Mayor and is the head of Defendant Town of Andrews and is a "person" as that term is defined in relation to 42 U.S.C. § 1983. He is sued herein for his acts individually and in his official capacity as Mayor.

7. Defendant James Altman is a citizen and resident of the Town of Andrews, South Carolina and at all times relevant hereto, served as City Councilman for the Town of Andrews, South Carolina. At all times relevant hereto, Altman was acting as City Councilman and is a "person" as that term is defined in relation to 42 U.S.C. § 1983. He is sued herein for his acts individually and in his official capacity as City Councilman.

8. Defendant Angela Anderson is a citizen and resident of the Town of Andrews, South Carolina and at all times relevant hereto, served as City Councilwoman for the Town of Andrews, South Carolina. At all times relevant hereto, Anderson was acting as City Councilwoman and is a "person" as that term is defined in relation to 42 U.S.C. § 1983. She is sued herein for her acts individually and in her official capacity as City Councilwoman.

9. Defendant Amy Picker Flager is a citizen and resident of the Town of Andrews, South Carolina and at all times relevant hereto, served as City Councilwoman for the Town of Andrews, South Carolina. At all times relevant hereto, Flager was acting as City Councilwoman and is a "person" as that term is defined in relation to 42 U.S.C. § 1983. She is sued herein for her acts individually and in her official capacity as City Councilwoman.

10. Defendant Eddie Lee is a citizen and resident of the Town of Andrews, South Carolina and at all times relevant hereto, served as City Councilman for the Town of Andrews, South Carolina. At all times relevant hereto, Lee was acting as City Councilman and is a "person" as that term is defined in relation to 42 U.S.C. § 1983. He is sued herein for his acts individually and in his official capacity as City Councilman.

11. Defendant Robert S. Stamper is a citizen and resident of the Town of Andrews, South Carolina and at all times relevant hereto, served as City Councilman for the Town of Andrews, South Carolina. At all times relevant hereto, Stamper was acting as City Councilman and is a "person" as that term is defined in relation to 42 U.S.C. § 1983. He is sued herein for his acts individually and in his official capacity as City Councilman.

12. Defendant Robert Ulrich is a citizen and resident of the Town of Andrews, South Carolina and at all times relevant hereto, served as City Councilman for the Town of Andrews, South Carolina. At all times relevant hereto, Ulrich was acting as City Councilman and is a "person" as that term is defined in relation to 42 U.S.C. § 1983. He is sued herein for his acts individually and in his official capacity as City Councilman.

13. Defendant Mauretta Wilson is a citizen and resident of the Town of Andrews, South Carolina and at all times relevant hereto, served as town Administrator/Manager for the Town of Andrews, South Carolina and was acting under color of town and state law and in the course and scope of her duty as an employee and agent of the Town of Andrews and is a "person" as that term is defined in relation to 42 U.S.C. § 1983. He is sued herein for his acts in his individual capacity and in his official capacity.

14. Defendant Chaconas P. Parson is a citizen and resident of the Town of Andrews, South Carolina and at all times relevant hereto, served as Town Clerk for the Town of Andrews, South Carolina and was acting under color of town and state law and in the course and scope of her duty as an employee and agent of the Town of Andrews and is a "person" as that term is defined in relation to 42 U.S.C. § 1983. He is sued herein for his acts in his individual capacity and in his official capacity.

15. At all times relevant hereto, the events complained of herein occurred in Georgetown County, State of South Carolina.

16. Upon information and belief, this Honorable Court has jurisdiction over the subject matter and parties to this complaint and venue is proper in this jurisdiction.

## BACKGROUND

17. Defendant Town of Andrews, South Carolina maintains a social media site on Facebook called "Town of Andrews, South Carolina" over which it exerts plenary control. Defendants use the Facebook page to provide information about various projects, news stories, pictures, videos, and solicit public comments.

18. Defendants McClary, Wilson, and Chaconas each administers said Facebook Page "Town of Andrews, South Carolina" and exerts plenary control consistent with the scope of their employment as an employee of the Town of Andrews, State of South Carolina, as Mayor, Town Administrator/Manager, and Town Clerk, and within the rules, laws, and policies of the Town of Andrews, South Carolina.

19. The Town of Andrews Facebook page states that: "By order of the Mayor Frank McClary this is the official Facebook Page for the Town of Andrews, SC." Likewise, the Page is listed as a Government Organization and it contains the phone number and website address for the town.

20. The Town of Andrews Facebook page further contained at the time Plaintiff was blocked the following language: "Government Organization," "townhallofandrews.sc.gov."
21. Upon information and belief, The Town of Andrews has designated Defendant Frank McClary, Mayor, Mauretta Wilson, and Chaconas P. Parson as administrators of the Town of Andrews, South Carolina Facebook page, meaning they have the ability to post to the page, edit its content, and control its membership.
22. Defendants often use the comments section of its posts to engage with South Carolina citizens and other visitors to the "Town of Andrews, South Carolina" Facebook page.
23. Furthermore, the Town of Andrews uses its official Facebook page as a tool of governance to hold back and forth conversations with the citizens it serves.
24. Plaintiff Jack Strong takes an active interest in different Town of Andrews policies and programs, most especially in the manner the Town maintains its freshwater services to the residents of the Town. Most, if not all, of Plaintiff's commentary on Town of Andrews water works programs maintenance is posted to Facebook.
25. On or about July 11, 2025, Defendants posted to their Facebook page an article from the Post & Courrier highlighting ongoing problems concerning the Town of Andrews and its water works.
26. The Page posted about a Town Counsel meeting wherein the counsel decided not to shut off the water to the Black River community.
27. Mr. Strong made a comment under that post to the effect of: "No applause for doing something that should already have been done in the first place."
28. On or after July 12, 2025, Mr. Strong's personal Facebook account was blocked from being able to further comment on the Town of Andrews, South Carolina Facebook page.
29. Upon information and belief, the blocking was done by Defendant Frank McClary, Mauretta Wilson, and/or Chaconas P. Parson.
30. While blocked, Mr. Strong was unable to read and share content posted on the Town of Andrews, South Carolina page. Jack could not comment on or send private messages to the page.
31. Further, The Town of Andrews, South Carolina Facebook page contained pertinent information necessary to the safety of citizens located in and around the Andrews community.

32. For example, during September, 2025, the Town Facebook page posted an advisory to boil water for the safety of its citizens. Plaintiff was blocked from and unable to view this information. Plaintiff found out through friends and neighbors about the boil water advisory.

33. As a direct and proximate result of the acts of the Andrews, South Carolina, Plaintiff suffered the following injuries and damages:
    a. Violation of his constitutional protections under the First Amendment to the United States Constitution to be free in the exercise of speech.
    b. Violation of his constitutional protections under the First Amendment to the United States Constitution to be free in accessing venues for public exchange.

34. Defendant Town of Andrews opened a forum for public speech by creating the "Town of Andrews, South Carolina" Facebook page.

35. Defendant Town of Andrews' creation of the Facebook page "Town of Andrews, South Carolina" is comparable to traditional public forum of speech. In the alternative, Defendant Town of Andrews' Facebook page is a limited or designated public forum.

36. Plaintiff did not leave a comment that reflected "foul language, threats, obscene comments and other unacceptable comments." Instead, Plaintiff disagreed with the self-congratulatory content being posted to the Town of Andrews Page and made a reasonable, yet critical, remark regarding the way the Town handled a certain situation.

37. The actions of the Town of Andrews and its Mayor violated the following clearly established and well-settled federal constitutional protections of Plaintiff:
    a. Freedom from viewpoint discrimination in all forums.

38. With deliberate indifference to the rights of Plaintiff to exercise, and to be free from retaliation for exercising, his First Amendment rights, all Defendants ongoingly encourage, tolerate, ratify, and acquiesce to an environment of violation of rights and retaliation for the exercise of such rights by:
    a. failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of government conduct without retaliation;
    b. by allowing and failing to punish violation of these rights and retaliation by employees against members of the public who exercise their protected speech rights to object to government conduct;
    c. by tolerating the use of retaliation based on protected speech;

    d. by ongoingly failing to properly investigate citizen complaints of retaliation for exercising their First Amendment Protections;

and all Defendants did so at the time Plaintiff was blocked.

39. It is the deliberately indifferent custom, habit, practice and/or policy of the Defendants to permit elected officials and employees such as Defendant Wilson and Parson to retaliate against individuals for exercising First Amendment Protections, as well as to fail to supervise and to train employees in the constitutional protections of individuals.

40. At all relevant times, Defendants McClary, Wilson, and Parson were each acting under color of law and under color of authority as a government employee of the State of South Carolina.

41. At all relevant times, Defendant Town of Andrews government was acting under color of law and under color of authority as a governmental agency in the State of South Carolina.

## GENERAL ALLEGATION
### (Applicable To All Counts)

42. Equitable relief is necessary because relief at law is inadequate.

## COUNT I

### 42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment
(Against Defendants McClary, Wilson, and Parson)

43. Plaintiff restates and reavers all foregoing paragraphs as if restated verbatim.

44. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

45. Plaintiff in this action is a citizen of the United States and all Defendants are each a person for purposes of 42 U.S.C. § 1983.

46. Defendant Wilson at all times relevant hereto was acting under color of state law in her capacity as Administrator/Manager for the Town of Andrews, South Carolina and her acts or omissions were conducted within the scope of her official duties or employment.

47. Defendant Parson at all times relevant hereto was acting under color of state law in her capacity as Town Clerk for the Town of Andrews, South Carolina and her acts or omissions were conducted within the scope of her official duties or employment.

48. Defendant McClary at all times relevant hereto was acting under color of state law in his capacity as Mayor for the Town of Andrews, South Carolina and his acts or omissions were conducted within the scope of his official duties as Mayor.

49. Defendant James Altman at all times relevant hereto was acting under color of state law in his capacity as Mayor for the Town of Andrews, South Carolina and his acts or omissions were conducted within the scope of his official duties as Town Councilman.

50. Defendant Angela Anderson at all times relevant hereto was acting under color of state law in his capacity as Mayor for the Town of Andrews, South Carolina and her acts or omissions were conducted within the scope of her official duties as Town Councilwoman.

51. Defendant Amy Flagger at all times relevant hereto was acting under color of state law in his capacity as Mayor for the Town of Andrews, South Carolina and her acts or omissions were conducted within the scope of her official duties as Town Councilwoman.

52. Defendant Eddie Lee at all times relevant hereto was acting under color of state law in his capacity as Mayor for the Town of Andrews, South Carolina and his acts or omissions were conducted within the scope of his official duties as Town Councilman.

53. Defendant Roger Stamper at all times relevant hereto was acting under color of state law in his capacity as Mayor for the Town of Andrews, South Carolina and his acts or omissions were conducted within the scope of his official duties as Town Councilman.

54. Defendant Robert Ulrich at all times relevant hereto was acting under color of state law in his capacity as Mayor for the Town of Andrews, South Carolina and his acts or omissions were conducted within the scope of his official duties as Town Councilman.

55. At the time of the complained of event, Plaintiff had the clearly established constitutional protections to be free from viewpoint discrimination and retaliation for the exercise of protected speech.

56. Any reasonable government employee or elected official working in public information should have known these rights at the time of the complained of conduct as it was clearly established at that time.
57. Plaintiff exercised his constitutionally protected right to question the conduct of the government and/or engaged in protected speech in a digital public forum.
58. Retaliatory animus for Plaintiff's exercise of his constitutionally protected right to question the conduct of Defendant Town of Andrews was a substantially motivating factor in the blocking of Jack's personal Facebook account.
59. The actions taken against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct on the "Town of Andrews, South Carolina" Facebook page.
60. Defendants McClary and/or Wilson and/or Parson blocked Plaintiff as a means of retaliation for Plaintiff's protected speech. He and/or they are therefore liable for violating Plaintiff's First Amendment protections.
61. These Defendants are not entitled to qualified immunity for the complained of conduct.

## COUNT II

**42 U.S.C. § 1983 – Violation of the First Amendment**
(Against Defendants McClary, Wilson, and Parson)

62. Plaintiff restates and reavers paragraphs 1 through 61 as if restated here verbatim.
63. In deleting Plaintiff's comment from the Town of Andrews, South Carolina Facebook page, Defendants McClary, and/or Wilson, an/or Parson made it impossible for the public to view his comment.
64. The deleted comment contained no foul language, no threats, and no obscene material, but was critical of Defendant Town of Andrews, South Carolina, and was deleted for that reason.
65. It was clearly established and well-settled, at the time the comment was deleted, that State agencies, and their elected officials and employees acting through them, may not engage in viewpoint discrimination when the entity or its elected officials and employees, on its behalf, have opened a public forum.
66. Any reasonable elected official or government employee working in public information knew or should have known at the time of the complained of conduct that viewpoint discrimination

by State agencies, elected officials, and/or employees in allowing comments into a public forum violates the first amendment rights of its citizens, as it was clearly established at the time.

67. In censoring Plaintiff's comment, Defendants McClary, and/or Wilson, and/or Parson engaged in viewpoint discrimination, violating Jack's clearly established and well-settled rights.

68. Defendants McClary, and/or Wilson, and/or Parson are not entitled to qualified immunity for the complained of conduct.

## COUNT III

### 42 U.S.C. § 1983 – Failure to Intervene
(Against Defendants Altman, Anderson, Flager, Lee, Stamper, and Ulrich)

69. Plaintiff restates and reavers the foregoing paragraphs as if restated here verbatim.

70. Plaintiff's rights were violated by Defendants blocking him from Town of Andrews, South Carolina Facebook page, as described above.

71. Defendants James Altman, Angela Anderson, Amy Picker Flagger, Eddie Lee, Robert S. Stamper, and Robert Ulrich are liable for that violation because they failed to intervene to stop the violation.

72. On information and belief, each of these Defendants knew, or should have known, that Jack Strong was blocked.

73. These Defendants had a duty to timely intervene.

74. These Defendants had a reasonable opportunity to intervene.

75. These Defendants each failed to take steps to protect Plaintiff's free speech against the other Defendants' viewpoint discrimination, despite being in a position and having a duty to do so.

76. Defendant McClary is liable for that violation because he failed to timely intervene to stop the violation.

77. None of these Defendants took any steps to immediately remove the block despite being in a position and having a duty to do so.

78. None of these Defendants took reasonable steps to protect Plaintiff from the objectively unreasonable viewpoint discrimination of the other Defendant(s) despite being in a position to do so.

79. The acts or omissions of all of these individual Defendants were causes both in fact and proximate of Plaintiff's constitutional injuries.
80. These individual Defendants acted in concert and joint action with each other.
81. These Defendants all times relevant hereto were acting pursuant to Town of Andrews, South Carolina custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

## COUNT IV

### 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the First Amendment.
(Against Defendants Town of Andrews, McClary, Altman, Anderson, Flager, Lee, Stamper, and Ulrich)

82. Plaintiff restates and reavers all foregoing paragraphs as if restated here verbatim.
83. At the time of the complained of events, Plaintiff had the clearly established constitutional to be free from retaliation for the exercise of protected speech and to engage in invited discourse without unfavorable-to-Town of Andrews comments being censored.
84. Defendants Town of Andrews, McClary, Altman, Anderson, Flager, Lee, Stamper, and Ulrich should knew or should have know of these rights at the time of the complained of conduct as they were clearly established at that time.
85. Defendants are not entitled to qualified immunity for the complained of conduct.
86. Defendants Town of Andrews, McClary, Altman, Anderson, Flager, Lee, Stamper, and Ulrich were, at all times relevant, policy makers for the Town of Andrews, South Carolina and in that capacity established policies, procedures, customs, and/or practices for the same.
87. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were and are moving forces behind the proximate causation of past and ongoing violations of Plaintiff's constitutional protections and federal rights as set forth in this count and in the other counts, which resulted from a conscious or deliberate choice by Defendants to follow a course of action from among various available alternatives.
88. These Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, policies, procedures,

customs, practices, and/or failed to properly train and/or supervise its employees in a manner amounting to deliberate indifference to the constitutional protections of Jack and the public.

89. In light of the duties and responsibilities of Defendants McClary, Wilson, and Parson, who directly participate in the communication and interactions with Town of Andrews and South Carolina citizens, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of the constitutional protections and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

90. The deliberately indifferent training and supervision provided by Defendant Town of Andrew, McClary, Altman, Anderson, Flager, Lee, Stamper, and Ulrich are results of a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants, and moving forces.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

    a.  Enter judgment in favor of Plaintiff and against Defendants;

    b. Issue a declaratory judgment, under 42 U.S.C. § 1983 declaring Defendants' conduct unconstitutional;

    c. Issue a preliminary injunction prohibiting all Defendants and all those acting in concert with them from blocking users without procedural due process on their official government social media platforms, and/or from blocking users for posting critical comments on their official government social media platforms; and from deleting comments for being critical of SCDOT;

    d. Issue a permanent injunction prohibiting all Defendants and all those acting in concert with them from blocking users without procedural due process on their official government social media platforms; and/or from blocking users for posting critical comments on their official government social media platforms; and from deleting comments for being critical of SCDOT;

    e. Award Plaintiff reasonable fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    f. Award such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Page **14** of **15**

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

                                        Respectfully submitted,
                                        **WINSLOW LAW, LLC**

                                        <u>*/s/ Stephanie L. Mascella*</u>
                                        Thomas W. Winslow (SC Fed Bar 9740)
                                        Allie A. Brown (SC Fed Bar 12757)
                                        Stephanie L. Mascella (SC Fed Bar 12527)
                                        11019 Ocean Highway
                                        Pawleys Island, SC 29585
                                        Telephone: (843) 357-9301
                                        Fax: (843) 357-9303
                                        tom@winslowlawyers.com
                                        allie@winslowlawyers.com
                                        stephanie@winslowlawyers.com
                                        *Attorneys for Plaintiff*

January 6, 2026
Pawleys Island, South Carolina